JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ameer Murphy

### DEFENDANTS

Superintendent John Rivello

**(b)** County of Residence of First Listed Plaintiff    Huntingdon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Huntingdon
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Daniel Silverman, The Widener Building, Suite 500
1339 Chestnut St, Phila PA 19107   215-713-9146

Attorneys *(If Known)*

Katherine Ernst, DA's Office, 3 S. Penn Square
Phila. PA 19107

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product    Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability    [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &    Pharmaceutical Slander    Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'    [ ] 368 Asbestos Personal | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans | Liability    Injury Product [ ] 340 Marine    Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | Liability    **PERSONAL PROPERTY** [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | **LABOR** [ ] 710 Fair Labor Standards | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle    [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability    [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury    [ ] 385 Property Damage [ ] 362 Personal Injury -    Product Liability | [ ] 740 Railway Labor Act [ ] 751 Family and Medical | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | Medical Malpractice | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights    **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting    [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment    [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/    Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations    [x] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -    [ ] 535 Death Penalty Employment    **Other:** | **IMMIGRATION** | | Act/Review or Appeal of Agency Decision |
| | [ ] 446 Amer. w/Disabilities -    [ ] 540 Mandamus & Other Other    [ ] 550 Civil Rights | [ ] 462 Naturalization Application [ ] 465 Other Immigration | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education    [ ] 555 Prison Condition [ ] 560 Civil Detainee -    Conditions of Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. section 2254

Brief description of cause:
Petition for Writ of Habeas Corpus

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE   October 13, 2023

SIGNATURE OF ATTORNEY OF RECORD
*Daniel Silverman*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

05/2023

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _Ameer Murphy, No. NJ0271 1100 Pike St. Huntingdon, Pa 16654_

Address of Defendant: _John Rivello, Superintendent SCI Huntingdon, 1100 Pike St. Huntingdon, Pa 16654_

Place of Accident, Incident or Transaction: _Philadelphia, Pa_

---

**RELATED CASE IF ANY:**

Case Number: _N/A_    Judge: _____    Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?    Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?    Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _Nejeinf Silue_      _44335_

*Attorney-at-Law (Must sign above)*      *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A. *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☒ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. All Other Federal Question Cases. *(Please specify):*_____

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):*_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____      _____      _____

*Attorney-at-Law (Sign here if applicable)*      *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

PAE AO 241
(Rev. 05/2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## Petition for Relief from a Conviction or Sentence
## By a Person in State Custody
## (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

## INSTRUCTIONS

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from conviction of the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. § 2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, see Federal Rules of Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, see United States v. Thomas, 221 F. 3d 430 (3d Cir. 2000)).

4.  Make sure the form is typed or neatly written.

5.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

6.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or argument, you must submit them in a separate memorandum.

7.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out an Application to Proceed in District Court without Prepaying Fees or Costs. **Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.**

PAE AO 241
(Rev. 05/2018)

8.    In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

9.    As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that the federal court may deny your petition on the merits even if you have not exhausted your remedies.

10.   As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that was presented in a prior habeas corpus petition.

11.   As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that was not presented in a prior habeas corpus petition unless you show:

      (A)   the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable; or

      (B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

      Before such a second or successive petition may be filed in the district court, however, the petitioner must move in the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

12.   When you have completed this form, send the original and **these instructions** to the Clerk of the United States District Court at this address:

                    **Clerk**
                    **United States District Court**
                    **for the Eastern District of Pennsylvania**
                    **601 Market Street, Room 2609**
                    **Philadelphia, PA 19106**

PAE AO 241
(Rev. 05/2018

13. <u>CAUTION</u>: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge and you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

14. <u>CAPITAL CASES</u>: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

* PLEASE NOTE: This is a counseled habeas petition. Petitioner's counsel is: DANIEL SILVERMAN, The Widener Building, Suite 500, Phila. PA 19107 215-713-9146 SilvermanLaw@comcast.net

PA ID #44335

PAE AO 241
(Rev. 05/2018)

Page 4

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Pennsylvania |
|---|---|
| Name (under which you were convicted): AMEER MURPHY | Docket or Case No.: |
| Place of Confinement: SCI Huntingdon | Prisoner No.: NJ 0271 |
| Petitioner (Include the name under which you were convicted): Ameer Murphy | Respondent (Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner): John Rivello |

v.

and

The District Attorney of the County of: Philadelphia

and

The Attorney General of the State of: Pennsylvania

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Court of Common Pleas of Philadelphia County

   (b) Criminal docket or case number (if you know): CP 51 CR 0005908-2015

2. (a) Date of judgment of conviction (if you know): April 6, 2018

   (b) Date of sentencing: April 6, 2018

3. Length of sentence: Life imprisonment

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Murder in the first degree, conspiracy to commit murder, carrying an unlicensed firearm, carrying a firearm on the streets of Philadelphia, possession of an instrument of crime

PAE AO 241
(Rev. 05/2018)

Page 5

6.    (a) What was your plea?  (Check one)

☑ (1)    Not Guilty                     ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty                         ☐ (4)    Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what
       did you plead guilty to and what did you plead not guilty to? _____

       _____
       _____ N/A _____
       _____
       _____

   (c) If you went to trial, what kind of trial did you have? (Check one)

       ☑ Jury                ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

       ☑ Yes                 ☐ No

8.    Did you appeal from the judgment of conviction?

       ☑ Yes                 ☐ No

9.    If you did appeal, answer the following:

   (a) Name of court: _Superior Court of Pennsylvania_
   (b) Docket or case number (if you know): _1301 EDA 2018_
   (c) Result: _judgement of sentence affirmed_
   (d) Date of result (if you know): _October 21, 2019_
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: _The trial court abused its discretion in admitting_
       _the prior consistent statement of Commonwealth witness_
       _Leon Williams_
       _____
       _____
       _____
       _____

   (g) Did you seek further review by a higher state court?

       ☑ Yes                 ☐ No

If yes, answer the following:

(1) Name of court: _Supreme Court of Pennsylvania_

(2) Docket or case number (if you know): _570 EAL 2019_

(3) Result: _Discretionary review denied_

(4) Date of result (if you know): _March 16, 2020_

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_See response to #9(F)_

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes        ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____   _N/A_

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(i) Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☑ Yes        ☐ No

10. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _Court of Common Pleas of Philadelphia County_

(2) Docket or case number (if you know): _CP 51 CR 0008908-2015_

(3) Date of filing (if you know): _June 9, 2021_

(4) Nature of the proceeding: _PCRA petition_

(5) Grounds raised: _This counseled PCRA petition raised only one claim:_

_Trial counsel was ineffective for failing to renew his motion for mistrial after the trial prosecutor improperly created an inference that petitioner attempted to intimidate witnesses._

PAE AO 241
(Rev. 05/2018)

(6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☑ No

(7)  Result: *PCRA petition dismissed without a hearing.*

(8)  Date of result (if you know): *October 14, 2021*

(b)  If you filed any second petition, application, or motion, give the same information:

    (1)  Name of court: _____

    (2)  Docket or case number (if you know): _____

    (3)  Date of filing (if you know): _____

    (4)  Nature of the proceeding: _____

    (5)  Grounds raised: _____

*N/A*

    (6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☐ No

    (7)  Result: *N/A*

    (8)  Date of result (if you know): _____

(c)  If you filed any third petition, application, or motion, give the same information:

    (1)  Name of court: _____

    (2)  Docket or case number (if you know): _____

    (3)  Date of filing (if you know): _____

    (4)  Nature of the proceeding: _____

    (5)  Grounds raised: *N/A*



PAE AO 241
(Rev. 05/2018

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes      ☐ No

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

(1) First petition:      ☑ Yes      ☐ No

(2) Second petition:   ☐ Yes      ☐ No

(3) Third petition:     ☐ Yes      ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____ N/A _____

11.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Trial counsel was ineffective in failing to object to the trial court's defective instruction on accomplice liability.

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Commonwealth charged Murphy as both a principal and as an accomplice. In its accomplice liability instruction the trial court failed to say that in order to convict Murphy as an accomplice to first-degree murder the Commonwealth had to prove that Murphy shared the shooter's intent to kill.

(b)   If you did not exhaust your state remedies on Ground One, explain why: *Murphy exhausted his remedies under the authority of Commonwealth v. Bradley, 261 A.3d 381 (Pa. 2021).*

(c)   **Direct Appeal of Ground One:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes   ☑ No

(2)   If you did not raise this issue in your direct appeal, explain why: *State law disallows raising ineffective assistance claims on direct appeal.*

(d)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2)   If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

*N/A*

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3)   Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4)   Did you appeal from the denial of your motion or petition?   ☑ Yes     ☐ No

(5)   If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☑ Yes   ☐ No

(6)   If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Superior Court of Pennsylvania*

Docket or case number (if you know): *2263 EDA 2021*

Date of the court's decision: *April 21, 2023*

PAE AO 241
(Rev. 07/10)

Page 10

Result (attach a copy of the court's opinion or order, if available): _____

Affirming dismissal of PCRA petition;
denying new claims on the merits.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
etc.) that you have used to exhaust your state remedies on Ground One:

Murphy sought discretionary review of this claim before the
Pennsylvania Supreme Court, No. 145 EAL 2023. Review denied
Oct. 12, 2023.

**GROUND TWO:** Trial counsel was ineffective in failing to adequately
consult with petitioner regarding the Commonwealth's plea offer.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel spent no more than 30 seconds consulting with
petitioner regarding the Commonwealth's plea offer. He ineffectively
advised petitioner to reject any offer unless it was less than
10 years because petitioner "had a strong case," when he
should have known petitioner did not have a strong case.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Murphy exhausted
his remedies under the authority of Commonwealth v. Bradley,
261 A.3d 381 (Pa. 2021).

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why? _State law disallows_ _raising ineffective assistance claims on direct appeal._

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Superior Court of_ _Pennsylvania._

Docket or case number (if you know): _2263 EDA 2021_

Date of the court's decision: _April 21, 2023_

Result (attach a copy of the court's opinion or order, if available): _Affirming_ _dismissal of PCRA petition; denying new claims on_ _the merits_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ N/A _____

PAE AO 241
(Rev. 07/10)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

Murphy sought discretionary review of this claim before
the Pennsylvania Supreme Court, No. 145 EAL 2023
Relief denied October 12, 2023

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes          ☐ No

(2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Murphy [illegible] Commonwealth [illegible] v. [illegible] Claim before
the Pennsylvania Supreme Court No. 145 EM 2023
filed stamped October 12, 2023

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?               ☐   Yes          ☐   No

(4) Did you appeal from the denial of your motion or petition?          ☐   Yes          ☐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
       ☐ Yes          ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

PAE AO 241
(Rev. 07/10)

Page 14

_____
_____
_____

\
(b)  If you did not exhaust your state remedies on Ground Four, explain why: _____

_____
_____
_____
_____

(c)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes        ☐ No

(2)  If you did not raise this issue in your direct appeal, explain why? _____

_____
_____

(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes        ☐ No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)  Did you receive a hearing on your motion or petition?        ☐  Yes        ☐  No
(4)  Did you appeal from the denial of your motion or petition?   ☐  Yes        ☐  No

PAE AO 241
(Rev. 07/10)

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

12.    Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

☑ Yes        ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____ N/A _____

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

*N/A*

13. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

☑ Yes      ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

*United States District Court (EDPa.) No. 22-3784 Dismissed without prejudice on May 1, 2023. This was a protective habeas petition.*

14. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

☐ Yes      ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:

*N/A*

15. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: *Brian McGonigle, 1845 Walnut St. 19th fl. Phila. PA 19103*

(b) At arraignment and plea: *unknown*

PAE AO 241
(Rev. 07/10)

(c) At trial: _George Yacolrian_
_150 N. Radnor-Chester Road, Suite F200, Radnor, PA 19087_

(d) At sentencing: _____
_Same as above_

(e) On appeal: _Earl VanPuren - address is unknown_
_____

(f) In any post-conviction proceeding: _Joseph Schultz 1518 Walnut Street_
_Suite 805, Phila. PA 19102_

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
_Same as above_
_____

16.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

☐ Yes          ☑ No

(a) If so, give the name and location of the court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

☐ Yes          ☐ No

17.   **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition* _Judgment of sentence became final on June 15, 2020._
_Initial PCRA counsel used up all but 6 days of the allowable time to file my PCRA petition. Under the U.S. Supreme Court's March 19, 2020 emergency order, VanMurphy received an additional 60 days to pursue certiorari on direct appeal, giving him 66 days to file this habeas petition from the date the PA Supreme Court denied discretionary review on_
_PCRA appeal, which was October 12, 2023._

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: ① leave of Court for counsel to file a supporting Memorandum of Law ② an evidentiary hearing ③ habeas relief.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

PAE AO 241
(Rev. 07/10)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system  on _____.

*(month, date, year)*

Executed (signed) on_____(date).

_____

*Signature of Petitioner*

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _____

_____Petitioner is represented by counsel._____

_____

_____

_____