IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMEER MURPHY,<br>　　　　Petitioner | : | |
| v. | : | CIVIL ACTION<br>No. 23-3970 |
| JOHN RIVELLO, *et al.*<br>　　　　Respondents | : | |

_____

**PETITIONER'S UNOPPOSED MOTION TO STAY FEDERAL
PROCEEDINGS PENDING EXHAUSTION OF NEW CLAIM**

Petitioner Ameer Murphy, by his attorney Daniel Silverman, moves the Court to enter an order staying the federal proceedings to allow him to exhaust a newly uncovered claim in a state PCRA petition he recently filed. The Commonwealth does not oppose this request.

After unsuccessfully challenging his judgment of life sentence in direct appeal and PCRA proceedings, on October 14, 2023 Murphy filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1) raising two claims alleging ineffective assistance of trial counsel. On January 3, 2024, Murphy filed a counseled supporting memorandum of law briefing those two claims (doc. 6) and accompanying exhibits (doc. 7). Those two claims are exhausted.

On May 3, 2024, Murphy filed an amended habeas petition (doc. 9) raising one claim alleging that the Commonwealth failed to disclose before trial exculpatory

1

and/or impeaching evidence that was material (hereafter "the *Brady* claim"). The *Brady* claim was based on evidence the Commonwealth disclosed to undersigned counsel on April 4, 2024. Because the factual predicate for the *Brady* claim did not arise until now, it is unexhausted. But the claim is not defaulted because Murphy has an avenue to exhaust the claim by returning to state court under the authority of two exceptions to the PCRA time bar. On June 15, 2024, Murphy filed in state court a successor PCRA petition raising the *Brady* claim.

_____

Murphy meets the standards for a stay set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). *Rhines* teaches that a district court may stay the proceedings and hold them in abeyance where there is good cause for the petitioner's failure to exhaust his available state remedies, and where the claims he seeks to exhaust in state court are not plainly meritless. *Id.* at 277 ("stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."). *See also Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir. 2009) (*quoting Rhines*, 544 U.S. at 278 ("*Rhines* mandated that a district court should grant a stay only where 'the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there

is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'")). By granting a stay of the federal petition rather than dismissing it outright as defaulted, Murphy can complete the state procedures necessary to comply with the exhaustion requirement without re-filing the habeas petition when the statute of limitations will have expired. Giving the state courts the first opportunity to address the unexhausted claims while simultaneously preserving the petitioner's exhausted claims promotes the values of comity and finality. *Id*. at 278. Whether to stay a petition under *Rhines* is a matter of judicial discretion, a decision that should consider relevant timeliness concerns. *Id*. at 277-78.

The recent uncovering of this new evidence, particularly coming after the Supreme Court's May 2022 decision in *Shinn v. Ramirez*, __U.S.__, 142 S.Ct. 1718 (2022), constitutes good cause. *See, e.g., Hairston v. Sorber,* Civil Action No. 22-234 (W.D.Pa. Sept. 14, 2022) (stay granted in capital case to allow petitioner to exhaust new evidence supporting pre-existing claim that trial counsel was ineffective for failing to present mitigating evidence); *Ali v. Oliver*, 2022 WL 2911700 (E.D.Pa., July 7, 2022) (stay granted in part because *Shinn* now meant that petitioner could not develop in federal court his recently discovered evidence).[1] *See also Pandeli v. Shinn,* Civil Action No. 17-1657 (Ariz., Nov. 10, 2022) (stay granted to allow

---

[1] Report and recommendation adopted, *sub nom. Ali v. Clark*, 2022 WL 2905447 (E.D.Pa., July 22, 2022)

petitioner to exhaust new evidence on the ground that *Shinn* itself constitutes cause under *Rhines*; prior to *Shinn* petitioner had a reasonable expectation he would be permitted to develop new evidence in federal court); *Ervin v. Broomfield*, 2022 WL 6250820 (N.D.Cal. Sept. 27, 2022) (stay granted to allow petitioner to support pre-existing *Batson* claim with new evidence not in state court record);

The preceding discussion, particularly in conjunction with Murphy's briefing set forth in his amended habeas petition, demonstrates that this claim possesses strong merit. And there is no evidence that Murphy engaged in any dilatory tactics or maneuvers, intentional or otherwise.

On June 15, 2024, opposing counsel Allison Falk notified undersigned counsel via email that the Commonwealth did not oppose this Motion.

WHEREFORE, petitioner Ameer Murphy, by his attorney Daniel Silverman, respectfully requests that the Court enter an order staying this case and abeying the federal proceedings to allow Murphy to exhaust the *Brady* claim.

        Respectfully submitted,

        **SILVERMAN & ASSOCIATES, P.C.**

        BY: /s/ Daniel Silverman
            Daniel Silverman

**Certificate of Service**

I, Daniel Silverman, certify that on the 15th day of June, 2022 I served via the Court's ECF System the below-listed individual(s) with a true and correct copy of the attached Motion for Stay:

Allison Falk , Esquire
District Attorney's Office
3 S. Penn Square
Philadelphia, PA 19107

**SILVERMAN & ASSOCIATES, P.C.**

BY: /s/ Daniel Silverman
    Daniel Silverman

    The Widener Building – Suite 500
    1339 Chestnut Street
    Philadelphia, PA 19107
    (215) 713-9146
    SilvermanLaw@comcast.net